UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **CRAIG CUNNINGHAM,** <br> **Plaintiff,** <br><br> **v.** <br><br> **CCMS PAYMENT SERVICES, LLC,** <br> **DBA FIFTH MANHATTAN** <br> **Defendant.** | § <br> § <br> § <br> § <br> § <br> § Civil Case No.: _____ <br> § <br> § <br> § <br> § |

### Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County, TN at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, Ste 248, Nashville, TN 37211

2. CCMS Payment Services, LLC, dba Fifth Manhattan ("Fifth Manhattan") is operating and can be served via its President Richard Cesario at 6700 Creekside Lane, Plano, TX 75023, its Chief Executive Officer John Cooper at 434 Kelly Ct., Duncanville, TX 75137, or its Chief Operating Officer Adam Garrett located at 2026 N. Hill Dr., Irving, TX 75038.  Alternatively service may be effectuated through CMRRR posted to 150 West John Carpenter Freeway, Suite 200, Irving, TX 75039.

### Jurisdiction

3.  Jurisdiction of this court arises as the acts happened in this district.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

5. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

7. In 2015 and/or 2016, the Plaintiff received one or more phone calls to the Plaintiff's cell phone which connected the Plaintiff to an agent. The Plaintiff received a call at 615-331-7262 on more than one occasion.

8. The Plaintiff is in the process of researching the total number of calls and should be able to ascertain a final number through the discovery process, but there are in excess of ten calls to the Plaintiff's cell phone.

9. The calls started with a pre-recorded message after several seconds of dead air time which stated "*Attention Music store owner or manager: Fair processing calling you with an important announcement. You may have heard recently many credit and debit card processing fees had their rates cut substantially by the Federal Government through the Dodd-Frank act. We have found many processers are not passing these cuts through and are instead keeping the profits and discounts for themselves and they are not required to tell you. Recent*

*statement reviews that we have done with other music stores show that you now take up to 55% of your transactions in these card types, so getting these cuts now can add thousands of dollars per year back to the bottom line by lowering your bill every month. This is not a gimmick, so if you would like to hear more information on our special program for merchant interest rate reduction for music stores press 1 now."*

10. Only in the interest of identifying the future defendant in this case, the Plaintiff left a message a then received a call back from an agent identifying themselves as working for Fifth Manhattan and referencing the calls that the Plaintiff received wtih the pre-recorded message.

11. The Plaintiff has never owned or managed a music store and has no aspirations to do so.

12. The actual identity of the caller was revealed in several phone calls with agents of 5th Manhattan, as well as the automated initiation of the calls and pre-recorded messages contained in the calls, for example on 9/1/2015, the Plaintiff received a call from Darrell Russell of 5th Manhattan from 469-284-9715, referencing a message left by the Plantiff. The Plaintiff stated *"Now I remember one of the calls I got said "Fair Processing" is that you guys?"* to which Darrell responded *"That is correct. The automated call? That is correct. That's just our automated company. We are actually the people who handle it"*

13. On another call on 9/28/2015 from 469-284-9715, the Plaintiff received a call from an agent who identified herself as working for 5th Manhattan and stated *"You had received an automated message from us about a month ago about the*

*Durbin amendment, and I was wondering if you had gotten all the information you needed on that."*

14. On another call on 7/27/2015, the Plaintiff asked the agent *"Um, one thing you mentioned that I had left a voicemail. What day was that on?"* to which the agent responds *"Yeah it was an automated message that said press 1 if you'd like to get more information...We left you a message.*

15. The Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

16. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency purpose.

17. The calls violated 47 CFR 64.1200(b) and 47 CFR 64.1200(d) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, a false name was given for the entity placing the call and when speaking with the agents only was the real name of Fifth Manhattan revealed.

18. These calls were knowingly and willfully placed and the Defendants as multiple calls were placed within 12 months and the defendants admitted to making the calls on purpose.

**Actual Damages**

19. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

    • Reduced Device storage space;

- Data usage;

- Plan usage;

- Lost time tending to and responding to the unsolicited texts;

- Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

## Violations of the Telephone Consumer Protection Act (TCPA)

20. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

21. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's Cell phone.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. $50,000 in actual damages

D. Pre-judgment interest from the date of the phone calls.

E. Punitive damages for all claims in the amount of $250,000

F. Attorney's fees for bringing this action as incurred; and

G. Costs of bringing this action; and

H. For such other and further relief as the Court may deem just and proper

**Dated:** July 14, 2016

/s/ Aaron K. Mulvey_____

Aaron K. Mulvey
**The Law Offices of Aaron K. Mulvey, PLLC**
518 N. Manus Dr.
Dallas, TX 75224
Tel: 214-946-2222
Aaron@MulveyLaw.com