UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CRAIG CUNNINGHAM,<br>Plaintiff, | §<br>§<br>§ |
| v. | §<br>§ |
| TOUCHSTONE PARTNERS, INC.<br>AND DONALD C. NEMEC<br>Defendant. | § Civil Case No.: **3:16-cv-02054-B**<br>§<br>§<br>§<br>§ |

**Plaintiff's First Amended Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and is resident of Davidson County, TN at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, Ste 248, Nashville, TN 37211

2. Donald Nemec is an individual and may served at 9112 Camp Bowie West #302; Fort Worth, TX 76116.

3. Touchstone Partners, Inc. is a business which may be served via CMRRR at 2500 Quantum Lakes Dr., Suite 201, Boynton Beach, FL 33426.

**Jurisdiction**

4. Jurisdiction of this court arises as the acts happened in this district.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

8. In 2015 and/or 2016, the Plaintiff received one or more phone calls to the Plaintiff's cell phone which connected the Plaintiff to an agent. The Plaintiff received a call on more than one occasion.

9. The Plaintiff is in the process of researching the total number of calls and should be able to ascertain a final number through the discovery process, but there are at least 10 calls to the Plaintiff's cell phone.

10. The calls started with a pre-recorded message after several seconds of dead air time.

11. The actual identity of the caller was revealed in several phone calls with agents of Touchstone Partners.  After the call was connected, an agent of Touchstone Partners was revealed.  Touchstone Partners then referred Plaintiff to contact an attorney named Donald C. Nemec an attorney who apparently deals in debt relief.

12. The Defendant used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227(b) and 47 USC 227(c)(5) as codified under 47 CFR 64.1200(b)

13. The calls violated 47 USC 227(b) as the calls were automated and placed to the Plaintiff's cell phone without the Plaintiff's consent and without an emergency

purpose.

14. The calls violated 47 CFR 64.1200(b) and 47 CFR 64.1200(d) as the artificial or pre-recorded message failed to state at the beginning of the message the identity of the business, individual, or entity that is responsible for initiating the call. In fact, a false name was given for the entity placing the call and when speaking with the agents only was the real name of Fifth Manhattan revealed.

15. These calls were knowingly and willfully placed and the Defendants as multiple calls were placed within 12 months and the defendants admitted to making the calls on purpose.

## Actual Damages

16. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

    • Reduced Device storage space;

    • Data usage;

    • Plan usage;

    • Lost time tending to and responding to the unsolicited texts;

    • Invasion of Privacy and loss of concentration

## CAUSE OF ACTION:

## Violations of the Telephone Consumer Protection Act (TCPA)

17. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without the Plaintiff's consent to the Plaintiff's

Cell phone.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages for each phone call

C. $50,000 in actual damages

D. Pre-judgment interest from the date of the phone calls.

E. Punitive damages for all claims in the amount of $250,000

F. Attorney's fees for bringing this action as incurred; and

G. Costs of bringing this action; and

H. For such other and further relief as the Court may deem just and proper

**Dated:** September 23, 2016

                                             */s/ Aaron K. Mulvey*_____

                                             Aaron K. Mulvey
                                             **The Law Offices of Aaron K. Mulvey, PLLC**
                                             518 N. Manus Dr.
                                             Dallas, TX 75224
                                             Tel: 214-946-2222
                                             Aaron@MulveyLaw.com